IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Drew McManigle, as Chapter 11 Trustee of Escambia Operating Company, LLC and Escambia Asset Company, LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>Moncla Workover & Drilling Operations, LLC,<br><br>*Defendant.* | Case No. _____<br><br>Complaint |

## PLAINTIFF'S COMPLAINT

Drew McManigle (the "Trustee" or "Plaintiff"), as Chapter 11 trustee of Escambia Operating Company, LLC and Escambia Asset Company, LLC (collectively, "Escambia"), files this complaint (the "Complaint") against Moncla Workover & Drilling Operations, LLC ("Moncla" or "Defendant"), and in support thereof alleges as follows.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The good faith amount in controversy exceeds $75,000. There is complete diversity among the parties.

2. Moncla is a Louisiana limited liability company. Michael Moncla, Matthew Moncla, and Marc Moncla are the three members of Moncla, and each is a citizen of Louisiana. Moncla is therefore a citizen of Louisiana.

3. Escambia Operating Company, LLC is a Mississippi limited liability company whose sole member is Blue Diamond Energy, Inc. Escambia Asset Company, LLC is a Mississippi limited liability company whose sole member is also Blue Diamond Energy, Inc. Blue Diamond Energy. Inc. is a Mississippi corporation with its principal place of business in

Mississippi.  Escambia Operating Company, LLC and Escambia Asset Company, LLC are therefore both citizens of Mississippi.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## II. PARTIES

5. Drew McManigle is an individual who resides in Houston, Texas.  Mr. McManigle is a citizen of Texas and the CEO of Macco Restructuring Group.  Mr. McManigle was appointed the Chapter 11 Trustee of Escambia by the United States Bankruptcy Court of the Southern District of Mississippi in the matter *In re Escambia Operating Company, LLC, et al.*, Case No. 13-50491 (Bankr. S.D. Miss.).

6. The Trustee is currently operating and managing Escambia pursuant to sections 1106 and 1108 of the Bankruptcy Code.  The Trustee has the exclusive standing and capacity, among other things, to prosecute, settle, dismiss, abandon, or otherwise dispose of the assets of the bankruptcy estate, including, without limitation, the claims and causes of action asserted in this complaint.

7. Defendant Moncla is a Louisiana limited liability company authorized to do business in the State of Alabama.  Moncla may be served with process through its registered agent, Cade Evans, at 420 Berard St., Breaux Bridge, Louisiana 70157 or by any other means authorized by law.

## III. FACTUAL BACKGROUND

8. Moncla was hired as a contractor to provide workover services on Escambia's GB Booth 36-14 well (the "Booth Well") located in Atmore, Alabama. Moncla's employees and agents negligently performed the services for which Moncla was hired. Specifically, on January 1, 2024, Moncla negligently caused over 1,000 feet of the bottom hole assembly ("BHA") to fall

2

approximately 13,500 feet downhole into the Booth Well (the "Incident"). Fishing operations to recover the pipe were only partially successful. As of the filing of this Complaint, roughly 400 feet of pipe remains in the Booth Well, and the Incident has rendered the Booth Well inoperable. As a result of the Incident, the Booth Well's production has dropped to zero, and a replacement well is needed to access and produce the hydrocarbons previously produced from the Booth Well.

9. Prior to the Incident, the Booth Well was generating revenue from condensate, propane, butane, sulfur, and residue methane gas. Additionally, the company utilized the methane gas from the Booth Well as fuel gas to operate Escambia's Big Escambia Creek Refinery ("BEC Refinery"). Now, however, Escambia must purchase replacement methane gas, which has increased Escambia's operating cost of the BEC Refinery by several hundred thousand dollars a month.

10. The Trustee brings this action to recover all damages caused by Moncla, which collectively exceed $12,000,000.

## COUNT I
**(Negligence)**

11. Moncla's agents and employees owed a duty of due care to Escambia while performing work on the Booth Well. Pursuant to this duty, Moncla's agents and employees were required to perform the workover operations in a reasonably diligent and careful manner. Moncla's agents and employees breached their duties by failing to ensure that the BHA was properly assembled and connected. This failure caused the BHA to drop more than 1,000 feet downhole, rendering the Booth Well inoperable.

12. The failure of Moncla's agents and employees to perform their duties properly was the "but for" cause of the Incident. No intervening causes separated the failure to perform their duty from the Incident.

13. As described above, the negligence of Moncla's agents and employees caused Escambia monetary loss. The Trustee brings this action on Escambia's behalf seeking compensation for these damages, as well as all other damages that Escambia is entitled to under the law.

14. The damages are recoverable from Moncla under the theory of *respondeat superior*. Moncla is vicariously liable for the negligence of its agents and employees.

## COUNT II
### (Negligent Supervision)

15. Moncla's employees committed a tort recognized under Alabama law. As described above, the actions and omissions by Moncla's employees gave rise to a valid negligence claim.

16. Moncla had notice and was aware of the inadequacy of its crew. Moncla had been warned before about the poor performance of its crew. Moncla also failed to exercise due care and proper oversight. If it had properly overseen the crew, it also would have realized that the crew was inadequate to perform the workover operations.

17. Moncla took no steps to address the inadequacy of its crew. Moncla failed to provide proper training or remediation to improve the skills of its crew or to ensure that the crew would perform its duties properly. Moncla simply permitted the same crew to remain on the job with knowledge that the members of that crew were unfit for the job.

18. Moncla's negligent supervision resulted in damages for which Plaintiff is entitled to recover.

## PRAYER

19. The Trustee requests that this Court grant the following relief against Defendant:

(a) Judgment in favor of the Trustee and against Defendant for damages resulting from the negligence of Defendant's agents and employees including compensatory, special damages, and pre- and post- judgment interest;

(b) Judgment in favor of the Trustee and against Defendant for damages resulting from Defendant's negligent supervision of its employees including compensatory, special damages, and pre- and post- judgment interest; and

(c) Awarding the Trustee such other and further relief as the Court may deem just and proper.

Dated: August, 21, 2024

Respectfully submitted,

*/s/ Evan N. Parrott*
Evan N. Parrott
MAYNARD NEXSEN P.C.
RSA Battle House Tower
11 North Water Street, Suite 24290
Mobile, Alabama 36602
(251) 432-0001
eparrott@maynardnexsen.com

*-and-*

BRACEWELL LLP

Bryan S. Dumesnil
(*pro hac vice* pending)
bryan.dumesnil@bracewell.com
Bradley J. Benoit
(*pro hac vice* pending)
brad.benoit@bracewell.com
Daniel T. Harrell
(*pro hac vice* pending)
daniel.harrell@bracewell.com

711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 - Telephone
(800) 404-3970 - Facsimile

PROPOSED SPECIAL COUNSEL TO TRUSTEE