# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DWAYNE M. MURRAY, as Chapter 7 Trustee of ESCAMBIA OPERATING COMPANY, LLC and ESCAMBIA ASSET COMPANY, LLC,** )<br>)<br>)<br>)<br>)<br>   **Plaintiff/Counter Defendant,** )<br>)<br>v. )<br>)<br>**MONCLA WORKOVER & DRILLING OPERATIONS, LLC,** )<br>)<br>)<br>   **Defendant/Counter Plaintiff/Third-Party Plaintiff,** )<br>)<br>v. )<br>)<br>**EASTERN ENERGY SERVICES, INC.** )<br>)<br>   **Third-Party Defendant.** ) | **CIVIL ACTION NO. 1:24-00295-KD-N** |

## ORDER

   This action is before the Court on the Motion to Substitute Party Plaintiff, (Doc. 101), filed by Dwayne M. Murray, in his capacity as the duly appointed Chapter 7 Trustee of the bankruptcy estates of Escambia Asset Company, LLC and Escambia Asset Company, LLC (collectively, the "Escambia Debtors"). Upon consideration, and for the reasons below, the motion is **GRANTED**.

   The motion requests the Court to substitute Dwayne M. Murray, as Chapter 7 Trustee, in place of Drew McManigle, as former Chapter 11 Trustee, pursuant to Federal Rule of Civil Procedure 25(c). Rule 25(c) allows a court to substitute a party when an interest is transferred. Fed. R. Civ. P. 25(c). Whether the allow the substitution is "within the court's discretion." 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 25:23 (2025). "Substitution is not required" because the "original party may continue to pursue or defend the action, and the

result of the action will be binding on the person to whom the interest was transferred." Id. But "[t]he purpose of Rule 25(c) is to allow an action to continue unabated when an interest changes hands without the need for the filing of a new lawsuit." Id. "In determining whether to allow substitution, the court is principally concerned with whether doing so will expedite and simplify the litigation." Id.

Here, the motion shows that Dwayne M. Murray was recently appointed as the Chapter 7 Trustee of the Escambia Debtors' estates and that "the interest held by Drew McManigle . . . was transferred to Dwayne M. Murray . . . by operation of law." (Doc. 101) at 3). Granting the substitution should "allow the action to continue unabated," and should "expedite and simplify the litigation." Id. Notably, the parties have indicated that they reached an agreement to settle this action, and that the settlement is contingent on the bankruptcy court's approval. (Doc. 98). Therefore, the motion to substitute is **GRANTED**. It is **ORDERED** as follows:

1) Dwayne M. Murray, in his capacity as Chapter 7 Trustee of the estates of Escambia Operating Company, LLC and Escambia Asset Company, LLC, is hereby substituted as the proper party plaintiff in this action in place of Drew McManigle, as former Chapter 11 Trustee.

2) The Clerk of Court is directed to update the case caption to reflect the substitution of Dwayne M. Murray, as Chapter 7 Trustee of Escambia Operating Company, LLC and Escambia Asset Company, LLC, as the party plaintiff.

**DONE** and **ORDERED** this **4th** day of **March 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**